E-FILED
Wednesday, 07 May, 2014 04:23:00 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **FRANK KELLY CIOTA,** ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 10-CV-2031 |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

## OPINION

On April 21, 2014, Petitioner, Frank Kelly Ciota, filed a pro se Motion Pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure (#13), with attached exhibits. This court concludes that the pro se Motion can only be construed as a Motion to Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. Because this court does not have jurisdiction over Petitioner's second or successive motion, Petitioner's Motion (#13) is dismissed.

BACKGROUND

On February 22, 2010, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under § 2255 (#1). On November 10, 2010, this court entered a lengthy Opinion (#11) which, after careful and thorough review, denied Petitioner's pro se Motion (#1). This court also denied Petitioner's Motion to Supplement his Motion under § 2255 (#10) because the Supplement he sought to file was untimely. This court stated that the United States Supreme Court has held that a timely filed habeas petition cannot be amended to add new, unrelated claims after the one-year limitation period under the Anti-Terrorism and Effective Death Penalty Act (AEDPA) has run. *See Mayle v. Felix*, 545 U.S. 644, 662 (2005).

Petitioner did not appeal this court's ruling.

ANALYSIS

Now, almost three and one-half years after this court's ruling, Petitioner has filed a Motion under Rule 60(b) (#13). In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court considered the question whether a Rule 60(b) motion for relief from judgment is properly treated as a second or successive petition in habeas cases. The Court determined that a filing that attacks some defect in the integrity of the federal habeas proceedings can proceed under Rule 60(b). *Gonzalez*, 545 U.S. at 532-33. However, the Court determined that a habeas petitioner's filing that attacks the substance of the federal court's resolution of a claim on the merits must be treated as a second or successive petition. *See Gonzalez*, 545 U.S. at 531-32.

In his current pro se Motion purportedly brought pursuant to Rule 60(b) (#13), Petitioner claims that this court should have considered his Supplemental Motion and this court's ruling finding it was untimely is "void" and can be attacked at any time.[1] However, it is clear from Petitioner's filings and request for relief that what he is seeking is only available under 28 U.S.C. § 2255. Petitioner's Motion is directly addressed to the merits of his desire for collateral relief, something he can only seek under § 2255. *See Phillips v.*

---

[1] Petitioner clearly does not agree with this court's conclusion that his Supplemental Motion was untimely, a ruling which is considered a ruling on the merits because it was based on an incurable defect (time-barred) preventing review on the merits. *See Daniels v. United States,* 2010 WL 3279333, at *1 (E.D. Wis. 2010). However, Petitioner did not appeal this ruling and there is absolutely no basis for a finding that this court's prior ruling is "void."

*United States,* 668 F.3d 433, 435 (7th Cir. 2012). Thus, although styled as a Motion under Rule 60(b), Petitioner's Motion is properly understood as a request for relief under 28 U.S.C. § 2255. *See United States v. Carraway*, 478 F.3d 845, 849 (7th Cir. 2007), *citing Gonzalez*, 545 U.S. at 531. Under *Gonzalez*, Petitioner's Motion can only be considered an application for collateral review. *Phillips*, 668 F.3d at 435, *citing Gonzalez*, 545 U.S. at 533-35. If a Rule 60(b) motion is really a successive motion under § 2255, the district court lacks jurisdiction unless the prisoner has obtained permission from the appropriate Court of Appeals to file it. *See Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007).

Accordingly, Petitioner's Motion (#13) is successive and this court has no jurisdiction to hear a second or successive motion under § 2255 unless the Seventh Circuit Court of Appeals has issued an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A); *Carraway*, 478 F.3d at 849; *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). "A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nunez*, 96 F.3d at 991 (emphasis in original).

In this case, the Seventh Circuit has not authorized the filing of this second or successive motion brought under § 2255. Consequently, this court is without jurisdiction to entertain Petitioner's Motion and it must be dismissed. *See Nunez*, 96 F.3d at 991.

CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies

a certificate of appealability in this case. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," which has happened here, a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). This court concludes that jurists of reason would not find it debatable whether this court correctly found it lacks jurisdiction over Petitioner's Motion because it is a second or successive motion pursuant to § 2255.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's pro se Motion (#13) is dismissed for lack of jurisdiction.

(2) A certificate of appealability is DENIED.

ENTERED this 7th day of May, 2014.

s/MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE

4